# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KAMELA BAILEY, on behalf of herself and others similarly situated, )))) | |
| Plaintiff, )) | CIVIL ACTION NO. 1:16-cv-04599-MHC |
| v. )) | |
| SMITH GUARD, INC. )) | |
| Defendant. ))) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Kamela Bailey, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Bailey") and Rodney McCullough, on behalf of himself, his heirs, executors, administrators, legal representatives, and assigns (hereinafter referred to collectively as "McCullough") and Correllus Hall, on behalf of himself, his heirs, executors, administrators, legal representatives, and assigns (hereinafter referred to collectively as "Hall"), with Eddie Smith, Smith Guard, Inc., and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Bailey, McCullough and Hall, and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission

by The Released Parties of any violation of any law or any other liability including common law liability to Bailey, McCullough or Hall.  Eddie Smith and Smith Guard, Inc., and each of them individually, are jointly and severally responsible for the obligations set forth in this Agreement, including the obligation to pay the settlement amounts prescribed herein. Should the settlement amounts not be paid, Bailey, McCullough, and Hall may bring a breach of contract action, or move to enforce the settlement seeking judgment against Smith Guard, Inc. and/or Eddie Smith in his individual capacity.

WHEREAS, Bailey, McCullough and Hall worked with Smith Guard, Inc.; and

WHEREAS, Bailey, McCullough and Hall alleged unlawful employment practices in violation of federal law against The Released Parties by bringing a lawsuit titled *Bailey v. Smith Guard, Inc.,* Case No. 1:16-CV-04599-MHC (N.D. Ga., Atlanta Division), allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. The Released Parties agree to pay to Bailey the total amount of **three thousand and eighty three dollars and twenty eight cents ($3,083.28),** as follows:

    A. One thousand five hundred and forty one dollars and sixty four cents ($1,541.64) representing unpaid overtime wages.  This amount shall be paid in four separate payments of three hundred and eighty five dollars and forty one cents ($385.41), the first due within 30 days after court approval, and the remaining payments due 60, 90 and 120 days after the first payment is made.  These payments shall be treated as wages with the applicable taxes and legal deductions made;

B.     One thousand five hundred and forty one dollars and sixty four cents ($1,541.64) representing liquidated damages.  This amount shall be paid in four separate payments of three hundred and eighty five dollars and forty one cents ($385.41), the first due within 30 days after court approval, and the remaining payments due 60, 90 and 120 days after the first payment is made.  Bailey shall provide The Released Parties with a W-9 form for this payment.  No deductions shall be made from these checks and a Form 1099 shall be issued; and

2.   The Released Parties agree to pay to McCullough the total amount of **two thousand five hundred and eighty five dollars and thirty two cents ($2,585.32),** as follows:

A.     One thousand two hundred and ninety two dollars and sixty four cents ($1,292.64) to McCullough representing unpaid overtime wages.  This amount shall be paid in four separate payments of three hundred and twenty three dollars and sixteen cents ($323.16), the first due within 30 days after court approval, and the remaining payments due 60, 90 and 120 days after the first payment is made.  These payments shall be treated as wages with the applicable taxes and legal deductions made;

B.     One thousand two hundred and ninety two dollars and sixty eight cents ($1,292.68) to McCullough, representing liquidated damages.  This amount shall be paid in four separate payments of three hundred and twenty three dollars and seventeen cents ($323.17), the first due within 30 days after court approval, and the remaining payments due 60, 90 and 120 days after the first payment is made.  McCullough shall provide The Released Parties with a W-9 form for this payment.  No deductions shall be made from these checks and a Form 1099 shall be issued; and

3. The Released Parties agree to pay to Hall the total amount of **six hundred and forty four dollars and twenty eight cents ($644.28),** as follows:

  A. Three hundred and twenty two dollars and twelve cents ($322.12) to Hall representing unpaid overtime wages. This amount shall be paid in four separate payments of eighty dollars and fifty three cents ($80.53), the first due within 30 days after court approval, and the remaining payments due 60, 90 and 120 days after the first payment is made. These payments shall be treated as wages with the applicable taxes and legal deductions made;

  B. Three hundred and twenty two dollars and sixteen cents ($322.16) to Hall, representing liquidated damages. This amount shall be paid in four separate payments of eighty dollars and fifty four cents ($80.54), the first due within 30 days after court approval, and the remaining payments due 60, 90 and 120 days after the first payment is made. Hall shall provide The Released Parties with a W-9 form for this payment. No deductions shall be made from these checks and a Form 1099 shall be issued; and

4. The Released Parties agree to pay Five thousand and forty one dollars and ninety two cents ($5,041.92), to Barrett & Farahany, LLP, for attorney's fees and costs. This amount shall be paid in four payments of one thousand two hundred and sixty dollars and forty eight cents ($1,260.48), the first payment made within 30 days after court approval, and the remaining payments due 60, 90 and 120 days after the first payment is made. Barrett & Farahany, LLP shall provide The Released Parties with a W-9 form for this payment.

5. Bailey, McCullough and Hall agree that this is a disputed claim. Bailey, McCullough and Hall agree and acknowledge that, upon the approval of this Agreement by a court of competent jurisdiction, they release and waive any and all claims for unpaid compensation that they actually brought or could have brought in Civil Action No. 1:16-cv-04599-MHC against all of the released parties, including but not limited to claims for unpaid overtime and/or minimum wage under the Fair Labor Standards Act. The Parties agree to file an appropriate motion or pleading with the Court to dismiss Bailey, McCullough and Hall's claim with prejudice.

6. By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

7. Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraphs 1-4.

8. Bailey, McCullough and Hall represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. Bailey, McCullough and Hall represent and warrant that he have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

9. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

10. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same

instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

11. This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

12. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

14. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

15. The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

16. The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

17. Bailey, McCullough and Hall acknowledge that they have been advised to consult an attorney prior to signing this agreement. Bailey, McCullough and Hall understand that whether or not they consult with an attorney is their decision. In this respect, Bailey, McCullough and Hall have consulted with and been advised by Severin Roberts, Esquire in this matter and are satisfied that Mr. Roberts has provided them excellent legal advice and has explained to them all of his options in connection with this Agreement.

18. This Agreement, consisting of seven (7) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 4/18/17 _____
Kamela Bailey

Date: 4/18/17 _____
Rodney McCullough

Date: 4/18/17 _____
Correllus Hall

Date: 4/24/17 _____
Sign:
Representative of Smith Guard, Inc.

Date: 24-JUN 2017 _____
Eddie Smith (in his individual capacity)

7